UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Roberts, | ) C/A No. 4:11-cv-00514-RBH -TER |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Ronaldo Myers, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a person detained in a county detention center. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**FACTUAL BACKGROUND**

Petitioner is currently incarcerated at the Alvin S. Glenn (Richland County) Detention Center. According to the allegations in the Petition filed in this case, Petitioner is a District of Columbia (DC) parolee.[1] His sole ground for habeas corpus relief is his contention that his federal rights are being violated

---

[1] The Court is aware that Petitioner's parole was actually granted on a 1977 District of Columbia (DC) murder conviction. According to Petitioner, although he was convicted of a federal crime in 1981, he served the full sentence of that conviction while concurrently serving a life sentence for the DC conviction. Although Petitioner recognizes the Federal Parole Commission's right to administer his parole, he claims that his situation should be considered under "DC guidelines" as opposed to "federal guidelines." While it might be true that any parole violation hearing ultimately conducted should apply specific D.C., rather than federal, *procedures* to determine eligibility, Petitioner cites no authority for the proposition that any difference exists between the status of a D.C. parolee and a federal or state parolee insofar the subject-matter jurisdiction of this Court under § 2241 *vis a vis* an un-executed parole violation warrant or detainer

by his detention because, on Nov. 7, 2010, the Federal Parole Commission lodged a detainer against him with the Richland County Detention Center based on an alleged parole violation, but they have not held a parole violation hearing or otherwise permitted him to contest the validity of any parole violation in the approximately five months since the detainer was lodged. (ECF No. 1, Pet. 5). He claims that he is innocent of the state charges and that he has a right to have the federal parole violation charge quickly disposed of even though he was initially brought into his current incarceration as a result of the State of South Carolina's filing of criminal charges of assault and battery of a high and aggravated nature against him on July 27, 2010. (ECF No. 12 , Pet. Answers to the Ct's Special Interrogatories). According to Petitioner, he is currently represented by court-appointed defense counsel in connection with his pending state charges and has been accorded at least one bail hearing. *Id.* Petitioner asks this Court to order the United States Parole Commission to "life the detainer" and to hold "a formal hearing . . . ." (ECF No. 1, Pet. 8).

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

is concerned. Instead, it appears that the same federal case law applies in the §2241 context, regardless of the federal or state convict status of the prisoner. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471 (1972)(state parolee); *Moody v. Daggett*, 429 U.S. 78 (1976)(federal parolee); *Boone v. Menifee*, 387 F. Supp. 2d 338, 350 (S.D.N.Y. 2005)(dual parolee; federal and D.C.; no violation of due process or equal protection).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## **LEGAL ANALYSIS**

In order to state a viable claim under 28 U.S.C. § 2241, a petitioner must submit sufficient factual allegations that would support a finding that he or she is being confined in violation of either the United States Constitution, its laws, or a federal treaty. *Preiser v. Rodriguez*, 411 U.S. 475, 485-86 (1973); *Wilson v. Johnson*, 535 F. 3d 262, 264 (4th Cir. 2008). The § 2241 Petition in this case is subject to summary dismissal without service on Respondent because, following initial review and consideration of Petitioner's Answers to the Court's Special Interrogatories, the allegations made by Petitioner in support of his Petition fail to show that he is being held at the Richland County Detention Center in violation of the United States Constitution. The applicable law is settled that, so long as a federal parolee such as Petitioner is being held under pending state charges or on a state court conviction, a federal detainer may be placed and remain on him while he is in state custody without any constitutional obligation for federal officials to conduct a probation violation hearing. *See, e.g.*, *Moody v. Daggett*, 429 U.S. at 79, 87 ("a federal parolee imprisoned

for a crime committed while on parole is [not] constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued ... but not [executed] .... [T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant."); *Malave v. Hedrick*, 271 F.3d 1139, 1141 (8th Cir. 2001); *United States v. Chaklader*, 987 F. 2d 75, 77 (1st Cir. 1993); *Anderson v. U.S. Parol Comm'n*, No. 2:02-670-23, 2002 WL 32332182 (D.S.C. June 21, 2002)(collecting cases). Clearly, despite the existence of a federal detainer against him, Petitioner is, in fact, in custody on the pending state charges, not on a federal parole violation charge. Under such circumstances, there is no obligation for the Federal Parole Commission to adjudicate the detainer placed on his current confinement on state charges. Furthermore, he does not allege any facts showing that he has or will suffer any kind of prejudice arising from a delay in the conduct of a parole-violation hearing during his pretrial incarceration on pending state court charges, and, under the circumstances Petitioner finds himself in, none of his federal rights appear to be violated. *See United States v. Williams*, 787 F. 2d 1182, 1184 (7th Cir. 1986)(no 6th amendment violation in delay of probation violation until conclusion of pending state charges); *Hopper v. U.S. Parole Comm'n*, 702 F. 2d 842, 846-47 (9th Cir. 1983)(in absence of actual prejudice, no due process or federal statutory violation in delay of parole revocation hearing during pendency of state charges and beginning of state prison sentence); *Doyle v. Elsea*, 658 F. 2d 512, 516 (7th Cir. 1981)(same; delay for four months of detention on other charges). Accordingly, since the only ground for habeas relief expressed by Petitioner is the placement of a federal detainer on his current Richland County detention without holding a federal parole violation hearing within four months does not support a finding of unconstitutional confinement, the Petition is subject to summary dismissal for failure to state a claim on which relief may be granted. *See Heath v. U.S. Parole Comm'n*, 788 F. 2d 85, 89-91 (2d Cir. 1986)(collecting similar habeas cases; no constitutional or statutory violation under similar circumstances).

4

**RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 13, 2011  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).