IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mark Roberts, | ) | |
| | ) | C/A No. 4:11-cv-514-RBH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Ranaldo Myers, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a pretrial detainee on state charges, proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 against the warden of the Alvin S. Glenn Detention Center where he is being detained. He alleges that the Federal Parole Commission lodged a detainer against him and that his due process rights have been violated because he has not been afforded any hearing regarding the placing of the detainer or on the alleged violation of his parole.[1] He requests that this Court lift the detainer until the Parole Board holds a hearing. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, filed April 13, 2011.

Based on his review of the record, the Magistrate Judge concludes that the action should be dismissed without prejudice and without issuance and service of process on the basis that the petitioner is in custody on a state charge and not on a parole violation warrant and that a loss of liberty as a parole violator does not occur until the warrant is executed. The petitioner filed objections on April 22, 2011 (Docket Entry # 20). Petitioner contends in his objections that he has "the right to a bond" on his state charge for assault and battery of a high and aggravated nature and that "the detainer filed by the U.S. Parole Commission does block any bond." Petitioner asserts that he has a due

---

[1] The Federal Parole Commission administers Petitioner's District of Columbia parole.

process right to challenge the placing of the detainer. (Objections, p. 1). In essence, he seems to be arguing that the basis for the denial of his state bond was the lodged detainer.

## SCOPE OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## FACTUAL BACKGROUND

In response to the Magistrate's Special Interrogatories (Docket Entry # 12), Petitioner stated that he was sentenced by a federal court in Florida in 1981 to twenty (20) years for bank robbery and that this sentence was to run concurrently with a District of Columbia sentence of 20 years to life for "robbery murder" imposed in 1978.[2] He states that he was paroled in November of 2007 from his DC

---

[2] "The D.C. Code provides that the Attorney General of the United States may assign a defendant sentenced to prison for a violation of the D.C. Code to either a federal facility or one maintained by the District of Columbia. *See* D.C. Code Ann. Section 24-201.26 (2001) . . . [I]f a prisoner assigned to a federal facility is serving sentences for both U.S. and D.C. Code offenses, the Bureau of Prisons is required to aggregate his various terms of imprisonment into a single sentence for administrative purposes. 18 U.S.C Section 3584(c)." *Boone v. Menifee*, 387 F. Supp.2d 338, 346 (S.D.N.Y. 2005).

sentence, after serving the federal sentence to its completion.[3] He further states that he was arrested in November of 2010 and charged by the State of South Carolina with assault and battery of a high and aggravated nature. While he was imprisoned pending disposition of the state charges, the United States Parole Commission lodged a detainer against him. According to the public website for the Alvin S. Glenn Detention Center, where he is detained, he also has a pending state charge for robbery/armed robbery, and bond has been denied. (*See* https://jail.richlandonline.com.)

## ANALYSIS

The Sentencing Reform Act of 1974 abolished parole for federal offenses committed after November 1, 1987. However, the Parole Commission remained empowered to deal with parole issues for individuals who committed offenses before the Act's effective date, D.C. Code offenders, and in certain other cases. Under federal statutes which have been repealed but remain effective for twenty-four years after November 1, 1987, if any parolee is alleged to have violated his parole the Commission has authority to "summon such parolee to appear at a hearing. . . or issue a warrant and retake the parolee. . ." 18 U.S.C. § 4213(a). "Any summons or warrant . . . shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be deemed grounds for delay of such issuance, except that, **in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.**" (Emphasis added) 18 U.S.C. § 4213(b). Alleged parole violators who are summoned or retaken are usually entitled to a preliminary hearing "without unnecessary delay" to determine probable cause. 18 U.S.C. § (a)(1)(A). Upon a finding of probable cause, a revocation hearing is to be held within sixty (60) days of the determination of probable cause. 18 U.S.C. § (a)(1)(B). However, conviction for any criminal offense after release on parole constitutes probable cause, and a detainer may be placed against him at the state institution. "[A] detainer merely

---

[3] When a prisoner is serving "*any* combination of U.S. and D.C. Code sentences that have been aggregated by the U.S. Bureau of Prisons. . . *every* decision made by the Commission, including the grant, denial, and revocation of parole, is made on the basis of the aggregate sentence." *Boone*, 387 F.Supp.2d at 347. (emphasis added)

puts the officials of the institution in which the prisoner is incarcerated on notice that the prisoner is wanted in another jurisdiction for trial upon his release from prison." *Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992), citing *United States v. Mauro*, 436 U.S. 340 (1978). "Such detainer shall be reviewed by the Commission within 180 days of notification to the Commission of placement.  If the Commission needs additional information to review a detainer, then a dispositional hearing is held. 18 U.S.C. § 4214(b).  Following dispositional review, the Regional Commissioner may withdraw the detainer, order a revocation hearing held at the institution where the parolee is confined, or "[l]et the detainer stand and order further review at an appropriate time.  If the warrant is not withdrawn and no revocation hearing is conducted while the prisoner is in state or local custody, an institutional revocation hearing shall be conducted after the prisoner's return to federal custody." 28 C.F.R. § 2.47.

Petitioner objects to the Magistrate Judge's finding that a federal detainer may be placed and remain on a pretrial detainee while he is in state custody without federal parole officials conducting a hearing.  The United States Supreme Court has held that a federal parolee imprisoned for a federal crime committed while on parole is not entitled under the Constitution to a prompt parole revocation hearing when a warrant for violation of parole is issued and lodged with the federal institution of his confinement but has not been executed.  *Moody v. Daggett*, 429 U.S. 78 (1976). "[T]he loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." 429 U.S. at 87.[4]  The court in *Moody* did not address the situation where a federal parole violation warrant was lodged as a detainer with state authorities. Many courts have extended *Moody* to situations where federal detainers are filed with  courts of other jurisdictions. *See Heath v. United States*, 788 F.2d 85, 90-91 (2nd Cir. 1986)(collecting cases)("These cases reason persuasively, as the Court did in *Moody*, that the detainer has no present or immediate effect upon protected liberty interests, since the detainer 'did no more than express [Commission's] intent to defer consideration of parole revocation to a later

---

[4] "[A] warrant is not considered executed where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody." *Hopper v. United States Parole Comm'n*, 702 F.2d 842, 848 (9th Cir. 1983).

4

time'.") The Fourth Circuit has held that *Moody* controls where one state places a detainer against a prisoner in another state. *Larson v. McKenzie*, 554 F.2d 131 (4th Cir. 1977).[5] This Court finds that *Moody* also controls where, as in the case at bar, a federal detainer is placed against a prisoner in state custody. Therefore, due process is not violated by the failure to hold a parole hearing before execution of the parole violation warrant.

Additionally, the right to a hearing within a specified number of days is a statutory requirement, not a constitutional one. Therefore, the proper remedy for requiring review of the detainer by the Parole Commission[6], in the absence of prejudice or bad faith, is a *writ of mandamus* and not a *writ of habeas corpus*, which is what Petitioner has filed here. *See Anderson v. United States Parole Commission*, 2002 WL 32332182 (D.S.C. June 21, 2002) at * 2;  *Heath*, 788 F.2d at 89, citing 122 Cong. Rec. S2572, 2573 (daily ed. March 2, 1976)(statement of Sen. Burdick: "If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly."); *Sutherland v. McCall*, 709 F.2d 730 (D.C. Cir. 1983); and *Carlton v. Keohane*, 691 F.2d 992, 993 (11th Cir. 1982)("In the absence of prejudice or bad faith on the part of the Commission, immediate release from custody is not available for violation of 18 U.S.C.A. § 4214(b)(1). . . The appropriate remedy for a

---

[5] *See also Gaddy v. Michael*, 519 F.2d 669 (4th Cir. 1975), decided before *Moody*, in which the petitioner had been convicted of a federal crime and had received good-time release. He was subsequently arrested and charged with a state crime violative of his parole.  The United States Parole Board issued a parole violation warrant shortly after he was convicted of the state court charge.  Petitioner was subsequently turned over to the federal authorities pursuant to the detainer, and he filed a habeas action claiming that his due process right to a prompt hearing had been violated. The District Court relied on *Morrissey v. Brewer*, 408 U.S. 471 (1972) in cancelling the warrant and holding that, if a revocation hearing was not held within thirty (30) days after issuance of the order, the United States would be estopped to deny that a prompt hearing would have resulted in a concurrent sentence being imposed for the state charge and the federal parole violation charge.  The Fourth Circuit reversed and held that mere delay in the execution of the parole violation warrant, without a showing of unreasonable delay and prejudice, was not sufficient.  The Fourth Circuit distinguished *Morrissey* on the basis that it involved a state parolee and a state system which allowed parole to be revoked without any hearing ever being held.

[6] Some courts have held based on statutory construction that the Commission lacks statutory authority to lodge detainers before conviction on the new charges.

default by the Commission is a *writ of mandamus* to compel compliance with the statute.")

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court overrules all objections, adopts Magistrate Judge Rogers' Report and Recommendation as modified, and incorporates it herein. It is therefore

**ORDERED** that the Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

May 27, 2011
Florence, South Carolina